**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**WESTERN DIVISION**

FILED

AUG 2 8 2009

~~~~~~~~ CLERK

| | | |
|---|---|---|
| **MARY JO LYON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** _09-5070_ |
| | ) | |
| **BANKERS LIFE AND CASUALTY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

**COMES NOW** the defendant, Bankers Life and Casualty Company ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1441, as amended, and hereby gives notice of the removal of this action to the United States District Court for the Western Division of South Dakota. As grounds for this removal, Defendant states as follows:

1.      On or about July 29, 2009, Mary Jo Lyon ("Plaintiff") filed a Complaint against "Bankers Life and Casualty Insurance Company" in the Circuit Court of the Seventh Judicial Circuit in and for Pennington County, South Dakota, now pending as File No. 09-1227. On or about August 10, 2009, Plaintiff filed an Amended Complaint, substituting in Defendant "Bankers Life and Casualty Company" for "Bankers Life and Casualty Insurance Company." The Circuit Court of the Seventh Judicial Circuit in and for Pennington County, South Dakota is a state court within this judicial district.

2.      A copy of the Circuit Court of the Seventh Judicial Circuit for Pennington County, South Dakota file is attached hereto as Exhibit A.  There have been no other process, pleadings or orders served to date other than those contained in Exhibit A.

3.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4.      Although it appears that service of the original Complaint was arguably made on Defendant on July 29, 2009, Defendant contends it was not properly served and never received a copy of the original Complaint.  Defendant was served, however, with the Amended Complaint on August 11, 2009.  Nonetheless, this Notice of Removal is timely because it is filed within thirty (30) days of both the alleged improper service of the original Complaint on July 29, 2009 and the service of the Amended Complaint on August 11, 2009.

5.      This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)      Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)      Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be

2

removable without regard to the citizenship or residence of the
parties. Any other such action shall be removable only if none of
the parties in interest properly joined and served as defendants is a
citizen of the State in which such action is brought.

## I. DIVERSITY OF CITIZENSHIP

6.      This action is properly removable under 28 U.S.C. § 1441(a) because the United

States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended,

which provides, in pertinent part, as follows:

> (a)  The district courts shall have original jurisdiction of all civil
> actions where the matter in controversy exceeds the sum or value
> of $75,000, exclusive of interest and costs, and is between --
>
> (1) citizens of different States ....

7.      There is only one named plaintiff in this action. Plaintiff Mary Jo Lyon is a

resident citizen of the State of South Dakota. (Complaint, ¶ 9).

8.      There is only one named defendant in this action. Defendant Bankers Life and

Casualty Company is now, and was at the time of the commencement of this action, an insurance

company organized and existing under the laws of Illinois, with its principal place of business in

Illinois.

9.      Consequently, complete diversity of citizenship exists between the parties.

## II. AMOUNT IN CONTROVERSY

10.     In the Eighth Circuit, Defendant need only establish by a mere "preponderance of

the evidence" that the amount in controversy requirement is satisfied. *Kopp v. Kopp*, 280 F.3d

883, 884 (8th Cir. 2002).

11.     In fact, this Court has subject matter jurisdiction in this case if "a fact finder could

legally conclude, from the pleadings and proof adduced to the court before trial, that the damages

that the plaintiff suffered are greater than $75,000.00." *Id.* at 885.

3

12.    In Plaintiff's Amended Complaint, not only does Plaintiff expressly request **in excess of $59,000.00** in contract damages, but Plaintiff also seeks an unlimited amount of compensatory damages, punitive damages, and attorney's fees. (*See generally* Complaint).

13.    Accordingly, based on the face of Plaintiff's Complaint alone, a fact finder most certainly could legally conclude that this action exceeds the sum or value of $75,000.00 exclusive of interests and costs.

### III. ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

14.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15.    Defendant has heretofore sought no similar relief.

16.    A copy of this Notice is being filed with the Circuit Clerk of the Seventh Judicial Circuit for Pennington County, South Dakota, as provided under 28 U.S.C. § 1446. Defendant is also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

17.    No consent by any other party is required as there are no other defendants.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Bankers Life and Casualty Company respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of the Seventh Judicial Circuit for Pennington County, South Dakota to the United States District Court for the Western Division of South Dakota.

DATED this the 28th day of August, 2009.

Donald A. Porter
Costello Porter Law Firm
PO Box 290
704 Saint Joseph St.
Rapid City, SD 57701

1/1925028.1

ATTORNEY FOR DEFENDANT
BANKERS LIFE & CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following counsel of record by placing same in the United States mail, postage prepaid, addressed as follows on this the 28th day of August, 2009:

Mike Abourezk, Esq.
P.O. Box 9460
2020 W. Omaha Street
Rapid City, SD  57709

Jack Gunvordahl, Esq.
Gunvordahl and Gunvordahl
P.O. Box 352
Burke, SD  57523

Donald A. Porter
Costello Porter Law Firm
PO Box 290
704 Saint Joseph St.
Rapid City, SD  57701

5