| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | )<br>)SS | IN CIRCUIT COURT |
| COUNTY OF PENNINGTON | ) | SEVENTH JUDICIAL CIRCUIT |
| MARY JO LYON,<br>       Plaintiff, | )<br>)<br>) | File No. Civ. 09-1227 |
| v. | )<br>) | AMENDED<br>COMPLAINT |
| BANKERS LIFE AND<br>CASUALTY COMPANY,<br>       Defendant. | )<br>)<br>)<br>) | |

COMES NOW the Plaintiff, by and through her attorneys Jack Gunvordahl and Mike Abourezk, and hereby states as follows:

## PRELIMINARY STATEMENT

1. Mary Jo Lyon (hereinafter referred to as Lyon) is 85 years old and currently resides in an assisted living facility.

## NATURE OF THE CASE

4. Bankers Life and Casualty Company sells a line of policies for long term health care.

5. Bankers sold Mary Jo Lyon a policy of long term care insurance, which also includes benefits for assisted living expenses.

6. Mary Jo Lyon was born on June 13, 1924, and now suffers from Parkinson's disease, cognitive impairment, congestive heart failure and vision loss due to macular degeneration.

7. After her husband passed away, Plaintiff continued to live alone in her home in Anthon, Iowa.

8. In 2005, Mary Joe Lyon's advanced age and medical conditions caused her to be hospitalized, and her physician advised that she needed assistance with her care going forward.

9. In August 2005, she entered an assisted living facility in Brookings, South Dakota, where her daughter Kathy Renneker lives.

10. Lyon did not remember or understand her coverage for long term care insurance, and did not immediately file a claim for benefits.

11. In 2006 Kathy Renneker did learn of the coverage and assisted her mother in filing a claim.

12. The policy provides that to be eligible for benefits, the claimant must satisfy one of two benefit qualifiers: "Cognitive Impairment" or "Functional Incapacity." Both are further defined by the policy.

13. Mary Jo Lyon presented a statement to Bankers, signed by her attending physician on August 25, 2006, certifying her need for care due to cognitive impairment and need for assistance beginning 8/1/05.

14. Bankers obtained an "independent assessment" of Mary Jo Lyon's condition through an agency that provides assessment services. Registered nurse, Deb Moore, performed the assessment.

15. On October 11, 2006, R.N. Moore performed the assessment and concluded that it "is not safe [for Mary Jo Lyon] to return to her home environment at this time." Nurse Moore also concluded that Mary Jo Lyon was chronically ill and was unable to perform two activities of daily living: dressing and transferring.

16. On November 9, 2006, Bankers rejected the assessment provided by

R.N. Deb Moore, and denied the claim.

17. Lyon appealed this denial on December 7, 2006.

18. On December 26, 2006, Bankers denied the claim again.

19. Lyon was officially diagnosed with Parkinson's disease on March 7, 2006.

20. In July 2008, Lyon, through her attorney, again appealed the denial of her benefits.

21. On September 18, 2008, Bankers agreed to pay benefits beginning on June 4, 2008 but refused to pay any benefits for Lyon before that date.

22. Defendant has no reasonable basis to withhold and delay benefits.

23. Defendant knows that there is no reasonable basis to withhold benefits, or through a reasonable investigation would determine this fact.

24. Defendant did not conduct a reasonable investigation.

25. As a result of the unreasonable denial and delay of benefits, Defendant has caused financial harm as well as emotional upset, aggravation, distress, wasted time, annoyance, and other harms.

26. Defendant is engaging in conduct in which it ignores or misapplies the definition of cognitive impairment in a way that increases claim denials and reduces the amount paid in claims. This conduct involves oppression, fraud, and malice, and punitive damages are necessary in order to punish and to deter them from employing these same tactics on other elderly policyholders.

WHEREFORE, Plaintiff seeks the following relief:

1. Contract damages in an amount exceeding $59,000.00 for past benefits and return of premiums owing.

2. Compensatory damages in an amount to be determined at trial.

3. Punitive damages in an amount to be determined at trial.

4. Prejudgment interest as allowed by law.

5. Attorney fees as allowed by law pursuant to SDCL 58-12-3 and 58-33-46.1

6. Other relief as deemed appropriate and necessary.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this 7th of July, 2009.

By: *[signature]*

Mike Abourezk
Attorneys for Plaintiff
Post Office Box 9460
2020 W. Omaha St.
Rapid City, South Dakota 57709
(605) 342-0097

And

Jack Gunvordahl
Gunvordahl and Gunvordahl
Attorneys for Plaintiff
P.O. Box 352
Burke, SD 57523-0352
(605) 775-2531

4

Pennington Co.
FILED
IN CIRCUIT COURT
AUG 10 2009
Ranae Truman, Clerk of Courts
By_____ Deputy